County Assessor — Property Improvements Title 68 O.S. 2427 [68-2427](c) (1968) is constitutional. An assessor must make determinations as to the fair market value of the materials used in the construction of improvements to real property not yet completed as of January 1 of any year and assess the fair market value of the materials used; such valuation to be "estimated at the price it would bring at a fair voluntary sale." The Attorney General has had under consideration your letter requesting an opinion on the following, in which you, in effect, ask: In regard to chapter 65, S.B. No. 46, O.S.L. 1968, page 91, . . . I will appreciate an opinion as to whether this act is constitutional and what the assessor can do in regard to assessing. S.B. No. 46, O.S.L. 1968, amended 68 O.S. 2427 [68-2427](c) (1968), to read in part, as follows: "Any such improvements or buildings shall be deemed completed and to have a value for assessment purposes when the real estate upon which such improvements or buildings are located shall have been conveyed to a bona fide purchaser or when such buildings or improvements have been occupied, whichever shall first occur; . . . in the event that such improvements shall be considered incomplete for valuation purposes as real property on January 1st of any year, under the provisions of this Act, the County Assessor shall assess such improvements as personal property based on the fair market value of the materials used therein;. . . ." (Emphasis added) Article X, Section 8 of the Oklahoma Constitution, as amended by State Question No. 379, Referendum Petition No. 117, adopted at a special election July 1, 1968, provides in pertinent part, as follows: "All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale; except real property and tangible personal property shall not be assessed for taxation at more than thirty-five per cent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale; . . . ." Article X, Section 22 of the Oklahoma Constitution provides: "Nothing in this Constitution shall be held, or construed, to prevent the classification of property for purposes of taxation; and the valuation of different classes by different means or methods." In amending Section 68 O.S. 2427 [68-2427](c), supra, the legislature used the term "fair market value" rather than the term "fair cash value" as used in the constitution. However, it is the general rule, followed by our Supreme Court in Bliss Hotel Company v. Thompson, Okl.378 P.2d 319 (1962), that the terms "fair cash value" and "fair market value" are to be treated as synonymous. It is, therefore, the opinion of the Attorney General that your question regarding the constitutionality of 68 O.S. 2427 [68-2427](c) must be answered in the affirmative. Your question as to, "what the assessor can do in regard to assessing" presents a problem of procedure rather than of law. The language of the quoted constitutional section and of the quoted statute requires that the assessor, under certain conditions, shall assess improvements as personal property on the basis of the fair market value of the materials used. A comprehensive appraisal of such materials as a part of the improvements will probably be necessary. References to cost of the materials will not serve this purpose, since the pertinent provision of Article X, Section 8 as amended, supra requires that valuation be estimated at the price it would bring at a fair voluntary sale." Therefore, it is the opinion of the Attorney General that the manner and method of assessment must satisfy both the constitutional and statutory requirements. The assessor must make necessary determinations, fix the value as required, apply the applicable percentage formula (not exceeding 35% of the value so fixed) and assess the tax due accordingly. (Carl G. Engling)