The Attorney General is in receipt of your request wherein you ask, in effect, the following question: May the book value of a real property asset be used in lieu of the "fair cash value" on an appraisal for ad valorem tax purposes ? Article X, Section 8 of the Oklahoma Constitution provides, in part, that: "All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale, except real property and tangible personal property shall not be assessed for taxation at more than thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale." Title 68 O.S. 2427 [68-2427](a) (1978) provides, in part, that: "(a) All taxable personal property, except intangible personal property, shall be listed and assessed each year at not to exceed thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale, as of the first day of January, . . . ." Section 68 O.S. 2427 [68-2427](C)(12) states further that: "When the term 'fair cash value' or the language 'fair cash value, estimated at the price it would bring at a fair voluntary sale' is used in the Ad Valorem Tax Code, in connection with and in relation to the assessment of real property it is defined to mean and shall be given the meaning ascribed and assigned to it in this subsection; when said term or language is used in said Code in connection with the assessment of personal property it shall be given its ordinary or literal meaning." "Fair cash value" has been determined to mean "the amount of money which a purchaser is willing but not obligated to buy property and would pay an owner willing but not obligated to sell it." Bliss Hotel Co. v. Thompson, Okl., 378 P.2d 319 (1963). County Board of Equalization v. Frontier Grain Co., Okl. 454 P.2d 317
(1969). "Book value" can be defined as the original cost of the asset as carried in books of account less depreciation. The court further stated in Bliss Motel Co. v. Thompson, supra, that "fair cash value" is synonymous with "fair market value" and "fair voluntary sale." Also see City of Tulsa v. Creekmore, 167 Okl. 298, 29 P.2d 101
(1934). In connection with the phrase "fair market value", it must be observed that the constitutional provision makes it mandatory that the assessment should be estimated at what the property would bring at such a sale. Title 68 O.S. 2481.6 [68-2481.6] (1978) requires the Oklahoma Tax Commission to publish guidelines for county assessors and directs each assessor to value property in accordance with standards established by law. Section 68 O.S. 2481.8 [68-2481.8] authorizes appraisers from the Tax Commission to assist assessors in an advisory capacity and requires that all valuations made pursuant to this act shall be made pursuant to law. It is, therefore, the official opinion of the Attorney General that book value may not be used in lieu of "fair cash value" when appraising real property assets for ad valorem tax purposes. (Victor G. Hill)