Dear President Taylor,
¶ 0 This office has received your letter requesting an official Opinion addressing, in effect, the following question:
In establishing the "use value" of property for purposes of advalorem taxation as required by Article X, § 8 of the OklahomaConstitution, may a county assessor require that a property be ofa minimum number of acres to be classified for agricultural use?
 I. FAIR CASH VALUE
¶ 1 Any analysis of ad valorem taxation begins with the basic proposition that all property in this State, except that which is specifically exempt by law, is subject to ad valorem tax. 68O.S. 1991, § 2804[68-2804]. The basic rule of ad valorem taxation valuation is found at Article X, § 8 of the Oklahoma Constitution:
 Except as otherwise provided in Article X of this Constitution, beginning January 1, 1997, all property which may be taxed ad valorem shall be assessed for taxation as follows:
 1. Tangible personal property shall not be assessed for taxation at less than ten percent (10%) nor more than fifteen percent (15%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale;
 2. Real property shall not be assessed for ad valorem taxation at a value less than eleven percent (11%) nor greater than thirteen and one-half percent (13.5%) of its fair cash value for the highest and best use for which such property was actually used, or was previously classified for use,
during the calendar year next preceding the first day of January on which the assessment is made. The transfer of property without a change in its use classification shall not require a reassessment based exclusively upon the sale value of such property. In connection with the foregoing, the Legislature shall be empowered to enact laws defining classifications of use for the purpose of applying standards to facilitate uniform assessment procedures in this state[.]
Okla. Const. art. X, § 8(A) (emphasis added).
¶ 2 This basic rule is also codified at Section 2817(B) of Title 68:
 All taxable real property shall be assessed annually as of January 1, at its fair cash value, estimated at the price it would bring at a fair voluntary sale for:
 1. The highest and best use for which the property was actually used during the preceding calendar year; or
 2. The highest and best use for which the property was last classified for use if not actually used during the preceding calendar year.
 The Ad Valorem Division of the Oklahoma Tax Commission shall be responsible for the promulgation of rules which shall be followed by each county assessor of the state, for the purposes of providing for the equitable use valuation of locally assessed real property in the State of Oklahoma. Agricultural land and nonresidential improvements necessary or convenient for agricultural purposes shall be assessed for ad valorem taxation based on the highest and best use for which the property was actually used, or was previously classified for use, during the calendar year next preceding January 1 on which the assessment is made.
68 O.S. Supp. 1998, § 2817[68-2817](B).
¶ 3 Prior to the 1972 amendment to Article X, § 8 which added the concept of "use value" all real property was to be valued at its "fair cash value" which had been construed by decisions of the Oklahoma Supreme Court to be the property's "fair market value." Bliss Hotel Company v. Thompson, 378 P.2d 319 (Okla. 1962). In Bliss the Supreme Court opined that the fair cash value of property is synonymous with fair market value which is "the amount of money which a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell." Bliss, 378 P.2d at 321 (citation omitted).
¶ 4 This concept of fair cash value has been retained in the 1972 and 1996[1] amendments to Article X, § 8. The Oklahoma Constitution and statutes both require that, for purposes of ad valorem taxation, the value of property shall be the fair cash value estimated at the price the property would bring at a fair voluntary sale. A.G. Opin. 95-89.
¶ 5 An assessor should determine the price the real property would bring at a free voluntary sale between a purchaser willing but not obliged to buy and an owner willing but not obliged to sell. The Constitution requires, however, that the fair cash value be based on the use of the property.
 II. USE VALUE
¶ 6 Your question seeks a determination as to the methodology by which a county assessor should determine the highest and best use for purposes of ad valorem taxation. There is no single definition or meaning of the language "highest and best use for which such property was actually used," found in Article X, § 8
of the Oklahoma Constitution and 68 O.S. Supp. 1998, § 2817[68-2817](B). The Oklahoma Supreme Court has determined that the quoted language was adopted "to protect land located in prime locations but used for agricultural purposes from grossly inflated valuations due to the proximity of metropolitan areas, industrial areas, highways, lakefront locations, or the like." Cantrell v.Sanders, 610 P.2d 227, 230 (Okla. 1980). In Cantrell, the Oklahoma Supreme Court substituted the term "use value" for the phrase "fair cash value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the first day of January on which the assessment is made." Okla. Const. art. X, § 8(A)(2). Use value then, as the term was utilized by the Court inCantrell, is synonymous with the limiting language of Article X, § 8 regarding highest and best use. The term highest and best use (use value) has limited utility and is used to protect agricultural land from grossly inflated valuations.
¶ 7 If a county assessor determines that the highest and best use of a property is as agricultural land it should be valued accordingly. The "highest and best use" language has been determined to have removed from consideration "all factors having a material impact on value which do not relate to the highest and best use for which the property is actually used. . . . [T]he assessor may not consider as a factor bearing upon the value of real property, the increased value the property would have if used for some other purpose than for which it is actually used." A.G. Opin. 80-253. Prior to setting a fair cash value on a property an assessor must, to comply with the Constitution, determine the use of the property. Many factors are relevant to the actual use of the property and it cannot be said that any single factor is determinative. The acreage of the property is one of a number of factors.
¶ 8 Your question asks whether a county assessor may establish a fixed number of acres as a per se standard for determining whether or not a tract was used for agricultural purposes. The question of per se standards has been addressed previously in a different context. In Attorney General Opinion 83-123, this Office opined that a county assessor could not place a predetermined standardized valuation on oil and gas wells for purposes of ad valorem taxation. The Opinion cited 68 O.S. 1981,§ 2437[68-2437](a) (now 2839) which mandated that a county assessor is to "ascertain and estimate from the best information obtainable,
the amount and value of [property subject to ad valorem taxation.]" A.G. Opin. 83-123. A county assessor's assessments are to be based on informed valuations. Therefore, it does not follow that a county assessor may simply establish an arbitrary number of acres as the standard for determining whether or not a tract was actually used for agricultural purposes. The taxable status (agricultural, residential or business) of real property is a question of fact to be determined by a review of its actual use.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When establishing the fair cash value for the highest and bestuse for which a property was actually used or previouslyclassified as required by Article X, § 8 of the OklahomaConstitution and 68 O.S. Supp. 1998, § 2817(B), an assessormust make an informed valuation and may, therefore, not simplyestablish an arbitrary number of acres as the standard fordetermining whether or not a tract was actually used foragricultural purposes.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] In 1996 Article X, § 8 was amended to limit the assessment ratio which could be applied to taxable property.