Dear State Representative Russ Roach
The Honorable Russ Roach State Representative, District 66 State Capitol, Room 400 B Oklahoma City, Oklahoma 73105
The Honorable Mark Liotta State Representative, District 77 State Capitol, Room 500 Oklahoma City, Oklahoma 73105
The Honorable Tad Jones State Representative, District 9 State Capitol, Room 539 B Oklahoma City, Oklahoma 73105
The Honorable Penny Williams State Senator, District 33 State Capitol, Room 415 Oklahoma City, Oklahoma 73105
The Honorable Dave Herbert State Senator, District 42 State Capitol, Room 426 Oklahoma City, Oklahoma 73105
The Honorable Wes Lane District Attorney, 7th District 320 Robert S. Kerr Avenue, Suite 505 Oklahoma City, Oklahoma 73102
¶ 0 This office has received your requests for an official Attorney General Opinion addressing, in effect, the following questions:
1. Assuming that the provisions of Section 8B of Article X ofthe Oklahoma Constitution relating to transfers of title or otherexceptions to the general rule are not applicable, if thefair cash value of a parcel of locally assessed real propertyincreases by more than five percent (5%) from one year to thenext, does Section 8B limit the increase in fair cash value (forpurposes of computing the taxable value of that parcel for advalorem tax purposes) to a maximum of five percent (5%) for suchassessment year?
 2. Assuming the same conditions posed in your first question,if the fair cash value of the same parcel of locally assessedreal property were to increase by more than five percent (5%) inthe succeeding assessment year, may a county assessor increasethe fair cash value of that parcel by more than five percent (5%)of the fair cash value for the parcel established during thepreceding assessment year?
 3. If a county assessor increases the fair cash value of aparcel of locally assessed real property which is subject to theprovisions of Section 8B of Article X of the OklahomaConstitution by five percent (5%) each year, based uponinformation which supports a determination that any such increaseis not in excess of the actual fair cash value of the parcel,does this practice violate either Section 8B or 68 O.S. Supp.2000, § 2817.1[68-2817.1]?
4. Do the provisions of Section 8B of Article X of theOklahoma Constitution mean that the assessed (taxable) value ofa parcel of locally assessed real property cannot increase morethan five percent (5%) each year?
 5. If the actual fair cash value for a parcel of locallyassessed real property increases by twenty percent (20%) in asingle year, does the Oklahoma Constitution either authorize orrequire a county assessor to increase the fair cash value of theparcel, for ad valorem tax purposes, at the five percent (5%)annual maximum prescribed by Section 8B of Article X of theOklahoma Constitution until the twenty percent (20%) increase isreflected on the assessment roll, or do the provisions of 68O.S. Supp. 2000, § 2817.1[68-2817.1] require a different result?
 6. Is the correct interpretation of Section 8B of Article X ofthe Oklahoma Constitution, together with 68 O.S. Supp. 2000, §2817.1, that it is legally permissible for a county assessor toincrease the fair cash value of the relevant category of realproperty by less than five percent (5%) each year oralternatively, if there is no supportable increase in the faircash value of such property, should there be any increase in thevalue of the property at all?
 Background
¶ 1 Assessment of ad valorem taxes begins with the establishment of a fair cash value for each taxable piece of property. See Okla. Const. art. X, §§ 8(A), 8B, 8C; 68 O.S. Supp. 2000, § 2817[68-2817](A), (B). The fair cash value is then multiplied by an assessment ratio to set the assessed valuation.Id. § 2802(5). From the assessed valuation are subtracted any exemptions to establish a taxable value for each piece of property. Id. § 2802(27). The taxable value is multiplied by the millage rate to calculate the total taxes due on each property. Id. § 2802(22).
 I. Assuming that the provisions of Section 8B of Article X of the Oklahoma Constitution relating to transfers of title or other exceptions to the general rule are not applicable, if the fair cash value of a parcel of locally assessed real property increases by more than five percent (5%) from one year to the next, does Section 8B limit the increase in fair cash value (for purposes of computing the taxable value of that parcel for ad valorem tax purposes) to a maximum of five percent (5%) for such assessment year?
¶ 2 In 1996, pursuant to referendum, Article X, § 8 of the Constitution was amended to place limits on the assessment ratio applied to property subject to ad valorem tax. Section 8 now reads in pertinent part:
 2. Real property shall not be assessed for ad valorem taxation at a value less than eleven percent (11%) nor greater than thirteen and one-half percent (13.5%) of its fair cash value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the first day of January on which the assessment is made.
Id.
¶ 3 In addition to amending Section 8 at the 1996 election, the voters also approved the adoption of Section 8B which limits annual increases in fair cash value to not more than five percent (5%) in any taxable year:
 Despite any provision to the contrary, the fair cash value of any parcel of locally assessed real property shall not increase by more than five percent (5%) in any taxable year. The provisions of this section shall not apply in any year when title to the property is transferred, changed, or conveyed to another person or when improvements have been made to the property. If title to the property is transferred, changed, or conveyed to another person, the property shall be assessed for that year based on the fair cash value as set forth in Section 8 of Article X of this Constitution.
Id.
¶ 4 A constitutional provision is to be applied to give effect to the intent of the people voting on it. Draper v. State,621 P.2d 1142, 1145 (Okla. 1980). The intent is determined by the provision itself, and where unambiguous, courts are not at liberty to search beyond the instrument for its meaning.McCurtain County Excise Bd. v. St. Louis-San Francisco Ry. Co.,340 P.2d 213, 216 (Okla. 1959) (citing Shaw v. Grumbine,278 P. 311 (Okla. 1929)). Neither courts nor legislatures have the authority to augment or diminish the rights granted by the Constitution. Id. Statutes and the Constitution "must be construed as a consistent whole in harmony with common sense and reason and every portion thereof should be given effect if possible. Similarly, construction of such provisions in parimateria with each other should be construed together with other statutes on the same subject as part of a coherent system."Cowart v. Piper Aircraft Corp., 665 P.2d 315, 317
(Okla. 1983) (citing Poafpybitty v. Skelly Oil Co.,394 P.2d 515, 518 (Okla. 1964)).
¶ 5 Prior to the addition of Article X, § 8B, all real property was valued at its actual fair cash value as of January 1. Fair cash value has been construed by decisions of the Oklahoma Supreme Court to be the property's "fair market value." BlissHotel Co. v. Thompson, 378 P.2d 319, 321 (Okla. 1962) (citations omitted).[1] In Bliss the Court opined that the fair cash value of the property is synonymous with fair market value which is "the amount of money which a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell." Id. The concept of fair cash value is still found in Article X, § 8(A) and 68 O.S. Supp.2000, § 2817[68-2817](B). Section 2817 provides in pertinent part:
 B. All taxable real property shall be assessed annually as of January 1, at its fair cash value, estimated at the price it would bring at a fair voluntary sale for:
 1. The highest and best use for which the property was actually used during the preceding calendar year; or
 2. The highest and best use for which the property was last classified for use if not actually used during the preceding calendar year.
Id. Both Constitution and statute require, for purposes of ad valorem taxation, that the value of property shall be the fair cash value estimated at the price the property would bring at a fair voluntary sale.
¶ 6 You first ask, if the actual fair cash value of locally assessed real property increases by more than five percent (5%) from one assessment year[2] to the next, does Article X, §8B of the Oklahoma Constitution limit the increase for purposes of computing the taxable value to a maximum of five percent (5%) for the assessment year. This question may be answered by reviewing Section 8B's provisions. Section 8B provides "the fair cash value of any parcel of locally assessed real property shall not increase by more than five percent (5%) in any taxable year." Therefore, an assessor may not increase the assessed fair cash value[3] more than five percent (5%) from one taxable year to the next. In other words, the assessor is limited to increasing the assessed fair cash value by five percent (5%) of the prior year's assessed fair cash value.
 II. Assuming the same conditions posed in your first question, if the fair cash value of the same parcel of locally assessed real property were to increase by more than five percent (5%) in the succeeding assessment year, may a county assessor increase the fair cash value of that parcel by more than five percent (5%) of the fair cash value for the parcel established during the preceding assessment year?
¶ 7 Your second question asks, if the fair cash value of property were to increase by more than five percent (5%) in a succeeding assessment year, may the county assessor increase the fair cash value established during the preceding assessment year? Again, this question may be answered by a review of Article X, §8B of the Oklahoma Constitution.
¶ 8 In the event property is transferred, changed or conveyed to another person, that property is assessed based on the fair cash value as set forth in Article X, § 8. If none of these events occurs, the property is assessed within the limits as provided in Article X, § 8B. Section 8B limits increases to fair cash value. It does not "freeze" values. Section 8B does not specifically state that the five percent (5%) limit is to be made in reference to any particular year. To be consistent with the annual assessment requirement it must, however, be applied in reference to the prior taxable year. Therefore, a $100,000 property could be valued at not more than $105,000 in the second year. If the property were actually worth more than $105,000, in the third year the value could be increased to not more than $110,250.[4] The assessor is limited to increasing the assessed fair cash value by five percent (5%) of the prior year's value.
 III. If a county assessor increases the fair cash value of a parcel of locally assessed real property which is subject to the provisions of Section 8B of Article X of the Oklahoma Constitution by five percent (5%) each year, based upon information which supports a determination that any such increase is not in excess of the actual fair cash value of the parcel, does this practice violate either Section 8B or 68 O.S. Supp. 2000, § 2817.1[68-2817.1]?
¶ 9 To implement Section 8B the Legislature adopted 68 O.S.Supp. 2000, § 2817.1[68-2817.1] which provides:
 A. For purposes of implementing Section 8B of Article X of the Oklahoma Constitution, the fair cash value of locally assessed real property shall not be automatically increased five percent (5%) each year, the five-percent limitation on the increase in the fair cash value shall not be cumulative, and the five-percent limitation shall not be considered as a twenty-percent increase every four (4) years.
Id. (emphasis added).
¶ 10 At the same time that Section 2817.1 was adopted, the Legislature enacted 68 O.S. Supp. 2000, § 2819[68-2819] which provides for the determination of taxable value:
 Taxable values of real and personal property shall be established in accordance with the requirements of Sections 8, 8B and 8C of Article X of the Oklahoma Constitution. The county assessor shall determine the taxable value of all taxable property that the assessor is required by law to assess and value and shall determine such taxable value in accordance with the requirements of Sections 8, 8B and 8C of Article X of the Oklahoma Constitution.
Id.
¶ 11 The provisions of Section 2817.1 have not been interpreted by any court. Section 2817.1(A) provides that the five percent (5%) increase shall not be automatic, cumulative or considered as a twenty-percent increase every four (4) years. Nothing in Article X, § 8B mandates an automatic increase. See id. An increase in the Section 8B fair cash value would have to be based on a determination that the actual fair cash value is in excess of the assessed fair cash value. See id.
¶ 12 When read in context with the definition of fair cash value found in 68 O.S. Supp. 2000, § 2802[68-2802](18)[5] and the 2817.1(A) provision that the five percent (5%) limitation shall not be considered as a twenty-percent increase every four (4) years, the most logical interpretation of "cumulative" is that an assessor may not accumulate unused increases and apply them all in one year.
¶ 13 The law requires annual assessments for purposes of ad valorem tax. 68 O.S. Supp. 2000, § 2817[68-2817](A), (B). Pursuant to Section 2817(B), property is to be assessed annually at "its fair cash value, estimated at the price it would bring at a fair voluntary sale." Id. This requirement of annual assessment at fair cash value is in place regardless of whether the property is subject to the Section 8B limitations. Therefore, reading the Constitution and statutes as a whole, an assessor is required to determine each year a property's actual fair cash value as defined in Section 2802(18). To the extent this value is in excess of the prior year's fair cash value as capped (i.e. assessed fair cash value), the assessor must increase the prior year's assessed fair cash value, but such an increase may not exceed five percent (5%) from one taxable year to the next.
¶ 14 Prior to the addition of Section 8B, property was valued at its fair cash value as of January 1 with no limitations as to increases from the value established in the prior year. Section 8B, however, limits increases to five percent (5%) for any taxable year. Statutes and Constitutions "must be construed as a consistent whole in harmony with common sense and reason and every portion thereof should be given effect if possible."Cowart, 665 P.2d at 317. Both Article X, § 8 and 68 O.S. Supp.2000, § 2817[68-2817] mandate assessment of property at "its fair cash value." An assessor is, therefore, obligated to continue to determine a property's "fair cash value" as of January 1. The provisions of Section 8B and Section 2817.1 limit increases to not more than five percent (5%) in any taxable year, but do not relieve the assessor of his or her constitutional and statutory obligation to assess the property at its fair cash value. Therefore, reading Sections 8 and 8B, and Sections 2817 and 2817.1, in harmony with each other, an assessor must increase the fair cash value of taxable property each year until such time that the "assessed fair cash value" equals the "actual fair cash value." If this requires an increase of more than five percent (5%) from one taxable year to the next, the provisions of Section 8B limit the increase to five percent (5%).
 IV. Do the provisions of Section 8B of Article X of the Oklahoma Constitution mean that the assessed (taxable) value of a parcel of locally assessed real property cannot increase more than five percent (5%) each year?
¶ 15 As stated above, the assessed and taxable values of property are derived from calculating fair cash value. Assessed value is defined in 68 O.S. Supp. 2000, § 2802[68-2802](5) as:
 [T]he taxable value of real or personal property either of individual items of personal property or parcels of real property or the aggregate total of such individual taxable items or parcels within a jurisdiction[.]
Id.
¶ 16 Taxable value is defined in 68 O.S. Supp. 2000, §2802[68-2802](27) as:
 [T]he percentage of fair cash value, less applicable exemptions, upon which an ad valorem tax rate is levied pursuant to the provisions of Section 8 of Article X of the Oklahoma Constitution[.]
Id.
¶ 17 Both assessed and taxable value are specifically defined terms. Both are derived from "fair cash value." Neither is synonymous, however, with "fair cash value." The limitations found in Section 8B only apply to "fair cash value" and therefore do not directly limit increases in assessed (taxable) value.
 V. If the actual fair cash value for a parcel of locally assessed real property increases by twenty percent (20%) in a single year, does the Oklahoma Constitution either authorize or require a county assessor to increase the fair cash value of the parcel, for ad valorem tax purposes, at the five percent (5%) annual maximum prescribed by Section 8B of Article X of the Oklahoma Constitution until the twenty percent (20%) increase is reflected on the assessment roll, or do the provisions of 68 O.S. Supp. 2000, § 2817.1[68-2817.1] require a different result?
¶ 18 Your fifth question poses a scenario wherein the fair cash value of locally assessed real property increases by twenty percent (20%) in a single year. You ask if it violates the Constitution or 68 O.S. Supp. 2000, § 2817.1[68-2817.1] for an assessor to make annual five percent (5%) increases until the locally assessed property is assessed at its actual fair cash value. Section 8B of Article X does not change the requirement that property be valued at its actual cash value; it merely limits annual increases to five percent (5%). Therefore, a county assessor must increase the assessed fair cash value of the parcel by five percent (5%) each year, until the parcel is assessed at its actual fair cash value. Section 2817.1 does not relieve an assessor of his or her constitutional and statutory duty to assess property at its fair cash value, subject to the limitations found in Section 8B.
 VI. Is the correct interpretation of Section 8B of Article X of the Oklahoma Constitution, together with 68 O.S. Supp. 2000, § 2817.1[68-2817.1], that it is legally permissible for a county assessor to increase the fair cash value of the relevant category of real property by less than five percent (5%) each year or alternatively, if there is no supportable increase in the fair cash value of such property, should there be any increase in the value of the property at all?
¶ 19 Property is to be assessed each year at its fair cash value. See 68 O.S. Supp. 2000, § 2817[68-2817](B). When a property's actual fair cash value exceeds its assessed fair cash value, an assessor must increase the value until the assessed fair cash value equals the actual fair cash value. If this requires an increase of more than five percent (5%) the limits found in Section 8B apply, unless the property has been transferred, changed, conveyed or improved. If actual fair cash value is less than five percent (5%) more than its assessed fair cash value, the assessor may only assess the property at its actual fair cash value. If the value of the property has decreased from the prior year and is less than the prior year's assessed fair cash value, the assessor must reduce the assessed fair cash value to its actual fair cash value. There is no limit on the percentage or amount a property may be decreased in a year.
¶ 20 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. If the fair cash value of a parcel of locally assessed realproperty increases by more than five percent (5%) from one yearto the next, Article X, Section 8B of the Oklahoma Constitutionlimits the increase in assessed fair cash value to a maximum offive percent (5%) for such assessment year.
 2. Pursuant to Article X, Section 8B of the OklahomaConstitution, if the fair cash value of a parcel of locallyassessed real property increases more than five percent (5%) insucceeding assessment years, a county assessor cannot increasethe assessed fair cash value of that parcel by more than fivepercent (5%) of the assessed fair cash value for the parcelestablished during the preceding assessment year.
 3. a. Article X, § 8 of the Oklahoma Constitution and 68O.S. Supp. 2000, § 2817[68-2817] require a county assessor to valuetaxable property at its fair cash value. An assessor mustincrease the assessed fair cash value of a parcel of locallyassessed real property which is subject to the provisions ofArticle X, Section 8B of the Oklahoma Constitution by fivepercent (5%) each year until the assessed fair cash value iswithin 5% of the actual fair cash value, and in the followingyear by whatever percentage less than 5% is required to make theassessed fair cash value equal to the actual fair cash value.
 b. It does not violate Article X, Section 8B of the OklahomaConstitution and 68 O.S. Supp. 2000, § 2817.1[68-2817.1], for an assessor toincrease the assessed fair cash value of real property from apreceding year until the assessed fair cash value reaches theactual fair cash value.
 4. The limitations found in Article X, Section 8B of theOklahoma Constitution apply only to fair cash value and do notdirectly limit increases in the assessed (taxable) value of aparcel of locally assessed real property.
 5. If the actual fair market value for a parcel of locallyassessed real property increases by twenty percent (20%) in anytaxable year, the Oklahoma Constitution and 68 O.S. Supp. 2000, §2817[68-2817] require a county assessor to increase the fair cash value ofthe parcel, for ad valorem tax purposes, at the five percent (5%)annual maximum prescribed by Section 8B of Article X until thetwenty percent (20%) increase is reflected on the assessmentroll.
 6. Article X, Section 8B of the Oklahoma Constitution togetherwith 68 O.S. Supp. 2000, §§ 2817[68-2817] and 2817.1 mandate that acounty assessor must increase the fair cash value of the relevantcategory of real property by less than five percent (5%), ifsuch an increase is required to assess the property at its actualfair cash value.
 There can be no increase in the assessed fair cash valueunless such increase is necessary to reflect the actual fair cashvalue.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] The Bliss definition is now the statutory definition found at 68 O.S. Supp. 2000, § 2802[68-2802](18).
[2] The terms "assessment year" and "taxable year" are used interchangeably in the Ad Valorem Code. The taxable year is not defined in the Code. Title 68 O.S. Supp. 2000, § 2802[68-2802](8) defines assessment year: "`Assessment year' means the year beginning January 1 of each calendar year and ending on December 31 preceding the following January 1 assessment date[.]" Id.
[3] "Assessed fair cash value" as used in this Opinion, is the fair cash value as capped by Okla. Const. art. X, § 8B
limitation.
[4] $105,000 × 1.05 = $110,250.
[5] "`Fair cash value' means the value or price at which a willing buyer would purchase property and a willing seller would sell property if both parties are knowledgeable about the property and its uses and if neither party is under any undue pressure to buy or sell and for real property shall mean the value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the applicable January 1 assessment date[.]" 68 O.S. Supp. 2000, § 2802[68-2802](18).