Dear Representative Lindley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 If a County Assessor increased the fair cash value of a home by more than five percent on a home that was not improved on or had a change in ownership, does the County Equalization Board have the authority to declare the increase over five percent a violation of the Oklahoma Constitution, Article X, § 8B?
¶ 1 You essentially ask whether a county board of equalization, upon proper application, has the authority and duty to impose a 5% annual limit on the amount of an increase in fair cash value that may be set on a home by the county assessor for purposes of ad valorem taxation, in light of the restrictions of Okla. Const. art. X, § 8B, when ownership has not changed and no improvements have been made on the home.
¶ 2 The question as originally presented is phrased in terms of a "fair market value." For taxation purposes under Article X, the phrase "fair market value" is synonymous with "fair cash value."Bliss Hotel Co. v. Thompson, 378 P.2d 319, 321 (Okla. 1962). Title 68 O.S. 2001, § 2802[68-2802](18) provides:
 "Fair cash value" means the value or price at which a willing buyer would purchase property and a willing seller would sell property if both parties are knowledgeable about the property and its uses and if neither party is under any undue pressure to buy or sell and for real property shall mean the value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the applicable January 1 assessment date[.]
Id.
¶ 3 Article X, § 8B of the Oklahoma Constitution provides, in pertinent part, as follows:
 Despite any provision to the contrary, the fair cash value of any parcel of locally assessed real property shall not increase by more than five percent (5%) in any taxable year. The provisions of this section shall not apply in any year when title to the property is transferred, changed, or conveyed to another person or when improvements have been made to the property. If title to the property is transferred, changed, or conveyed to another person, the property shall be assessed for that year based on the fair cash value as set forth in Section 8 of Article X of this Constitution. If any improvements are made to the property, the increased value to the property as a result of the improvement shall be assessed for that year based on the fair cash value as set forth in Section 8 of Article X of this Constitution.
Id.
¶ 4 This constitutional provision, approved by State voters in 1996, essentially puts a cap on the percentage increase in the fair cash value of locally assessed real property (including private homes) for ad valorem taxation purposes at 5% per year, where the property has not been improved or title conveyed to another person during such year. If the property has been sold in the previous year or improvements made increasing the value of the property, then the 5% cap does not apply.
¶ 5 The county assessor in each county must assess real property for ad valorem taxation in accordance with requirements of law, including 68 O.S. 2001, § 2817.1[68-2817.1] which states:
 A. For purposes of implementing Section 8B of Article X of the Oklahoma Constitution, the fair cash value of locally assessed real property shall not be automatically increased five percent (5%) each year, the five-percent limitation on the increase in the fair cash value shall not be cumulative, and the five-percent limitation shall not be considered as a twenty-percent increase every four (4) years.
 B. For purposes of implementing Section 8B of Article X of the Oklahoma Constitution, improvements made to locally assessed real property shall be assessed in accordance with law by the county assessor based on the fair cash value of the improvement. The assessed value of the improvement shall then be added to the existing assessed value of the property. The existing property shall continue to be subject to the five-percent limitation on the increase in valuation as set forth in Section 8B of Article X of the Oklahoma Constitution. Except when title to the property is transferred, changed, or conveyed to another person as defined in Section 3 of this act, and in accordance with Legislative intent as set forth in subsection A of this section, under no circumstances shall the fair cash value of the existing property increase by more than five percent (5%) in any taxable year.
Id. (emphasis added).
¶ 6 In A.G. Opin. 01-36 constitutional limitations on the authority of an assessor to increase the fair cash value more than 5% per year for taxation purposes were analyzed. Among other things we concluded in that Opinion: (1) "[i]f the fair cash value of a parcel of locally assessed real property increases by more than five percent (5%) from one year to the next, Article X, Section 8B . . . limits the increase in assessed fair cash value to a maximum of five percent (5%) for such assessment year[;]" and (2) "[p]ursuant to Article X, Section 8B . . . if the fair cash value of a parcel of locally assessed real property increases more than five percent (5%) in succeeding assessment years, a county assessor cannot increase the assessed fair cash value of that parcel by more than five percent (5%) of the assessed fair cash value for the parcel established during the preceding assessment year." Id. at 173.
¶ 7 In reaching these conclusions, the distinction was made in Opinion 01-36 between the actual fair cash value and theassessed fair cash value for taxation purposes. The Opinion points out that in a given year the actual fair cash value of real property might increase more than 5%, but the assessor is limited to a 5% increase in the assessed fair cash value for computation of ad valorem tax in that year. Id. at 169. Article X, Section 8B of the Constitution limits increases to fair cash value in a given year for taxation purposes; it does not "freeze" values. Id. Thus, Article X, Section 8B requires the term "fair cash value" to be applied as "assessed fair cash value" for the purpose of limiting ad valorem tax increases.
¶ 8 When the assessed valuation of property is increased from a prior year, the county assessor must notify the taxpayer in writing; the taxpayer has 20 days to complain and the assessor must thereafter hold an informal hearing on the disputed valuation, take action on the dispute within 5 working days of the informal hearing, and notify the taxpayer of the assessor's final action. 68 O.S. 2001, § 2876[68-2876](A), (D), (F). Within 10 days of notification of this final action by the assessor, the taxpayer may file an appeal with the county board of equalization. Id. § 2876(F). Section 2877 sets out certain hearing procedures and authorizes the county board of equalization "to confirm, correct, or adjust the valuation of real or personal property."Id. § 2877(A). Decisions of the county board of equalization may be appealed to the district court by either the taxpayer or the assessor. Id. § 2880.1(A).
¶ 9 Duties and authority of the county board of equalization are set out in 68 O.S. 2001, § 2863[68-2863]. This statute provides that county boards of equalization shall hold sessions "for the purpose of correcting and adjusting the assessment rolls in their respective counties to conform to the fair cash value of the property assessed, as defined by law." Id. § 2863(A). The cited statute continues, in pertinent part:
 B. It shall be the duty of the boards and they shall have the authority to:
 1. Raise or lower appraisals to conform to the fair cash value of the property, as defined by law in response to a protest filed as prescribed by law;
2. Add omitted property;
3. Cancel assessments of property not taxable; and
 4. Hear all grievances and protests filed with the board secretary as outlined in Section 2877 of this title.
 C. It shall be the duty of each county board of equalization to cooperate with and assist the county assessor in performing the duties imposed upon the assessor by the provisions of Section 2840 of this title, to the end that the records required by the provisions of such section shall be fully and accurately prepared and maintained and shall reflect the assessed valuations of the real property of the county. After such records have been prepared and the assessed valuations adjusted in accordance with the provisions of this section, the county board of equalization shall not raise or lower the assessed valuation of any parcel or tract of real estate without hearing competent evidence justifying such change or until at least one member of the board or a person designated by the board has made a personal inspection of such property and submitted a written report to the board. In no event shall any such change be made by the county board of equalization if such change would be inconsistent with the equalized value of other similar property in the county.
Id. § 2863 (emphasis added).
¶ 10 Construing the statutes together, a taxpayer's claim that an assessment has been made in excess of the 5% constitutional limit must be presented first to the county assessor for hearing; if it is not satisfactorily resolved, then to the county board of equalization; and finally, if necessary, to district court for adjustment. The assessment referred to must be the fair cash value for taxation purposes. Obviously, and as observed in our prior Opinion 01-36, the actual fair cash value of a parcel of property can and oftentimes will increase more than 5% from one year to the next. Id. at 172. But for purposes of taxation an increase in the assessed fair cash value is capped at 5% by the Constitution. Id.
¶ 11 If the actual fair cash value of a parcel of property increases more than 5% from the previous year, and the assessed fair cash value for taxation purposes is also increased more than 5%, the taxpayer's first recourse is through an informal hearing before the assessor. 68 O.S. 2001, § 2876[68-2876](F). If, in the view of the taxpayer, the assessor persists in applying an unconstitutional increase in the assessed fair cash value, his or her next recourse is to the county board of equalization, (id.
§ 2877) then, if necessary, to the district court. Id.
2880.1(A). As discussed in A.G. Opin. 97-74, the county board of equalization can act only in response to a protest filed as prescribed by law. Id. at 144. The authority and duty of the county board of equalization, when such a complaint is properly presented by the taxpayer, is to adjust the appraisal to conform to the fair cash value of the property as defined by law for taxation purposes and to assure that all taxpayers similarly situated are being treated equally. 68 O.S. 2001, § 2863[68-2863](B), (C).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Oklahoma Constitution Article X, Section 8B imposes a 5% cap on the increase in the fair cash value of locally assessed real property, including residential property, that may be imposed in a given tax year when the property has not been conveyed to another person nor improvements made to the property during such year. Id.
 2. If the subject property has been conveyed to another person or improvements made to the property during the previous year the constitutional 5% cap does not apply. Okla. Const. art. X, § 8B.
 3. When a county assessor increases the valuation of real property from the preceding year the taxpayer must be notified in writing. 68 O.S. 2001, § 2876[68-2876] (A). If a taxpayer believes the 5% constitutional cap has been exceeded or the property has otherwise been wrongly increased in valuation, the taxpayer has 20 calendar days from receipt of notice of the valuation to file a written complaint to the county assessor. Id. § 2876(D). The assessor must thereafter hold an informal hearing with the taxpayer regarding the grievance and notify the taxpayer within 5 working days of the assessor's final action on the matter. Id. § 2876(F).
 4. If the taxpayer is dissatisfied with the county assessor's action, the taxpayer may file an appeal in writing with the county board of equalization within 10 working days of receipt of the notice of the assessor's final action. 62 O.S. 2001, § 2876[62-2876](F). A copy of the appeal notice must also be delivered to the county assessor. Id.
 5. Upon timely receipt of proper notice of appeal by the taxpayer and after the hearing and examination of pertinent records and materials, the county board of equalization has authority and the duty to declare any increase over five percent invalid under Okla. Const. art. X, § 8B, and to adjust the taxable value accordingly when there has been no conveyance of the property to another person nor improvements made to the property during the preceding year. 68 O.S. 2001, §§ 2863(B), (C), 2877(A). However, without a written application from the taxpayer no action can be taken by the board. Id. § 2876(F).
W.A. DREW EDMONDSON Attorney General Of Oklahoma
LYNN C. ROGERS Assistant Attorney General